UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS CLIMER and TODD DEWULF,

                Plaintiffs,                Civil No. 08-CV-11074

v.                                          HONORABLE AVERN COHN

OFFICER DILLENBECK and
OFFICER SALISBURY,

                Defendants,
_____/

**MEMORANDUM AND ORDER REGARDING PLAINTIFFS' "MOTION FOR SEPARATE TRIAL ON THE LEGALITY OF THE TRAFFIC STOP"**

### I. Introduction

      This is a case under 42 U.S.C. § 1983. Plaintiffs Thomas Climer and Todd DeWulf are suing Warren police officers Matthew Dillenbeck and Dwayne Salisbury.[1] Plaintiffs' claims are brought under state and federal law and stem from a traffic stop. Specifically, Plaintiffs claim (1) assault and battery, (2) false imprisonment, (3) false arrest, (4) malicious prosecution, and (5) violation of § 1983. All of these claims are based on the claim that Defendants lacked probable cause for the initial traffic stop. On February 3, 2009, the Court issued a Memorandum and Order (Dkt. 24) in which it determined that (1) summary judgment in favor of Defendants is appropriate on Plaintiffs' assault and battery claim and (2) summary judgment is inappropriate on the remaining claims because there is a genuine issue of material fact as to whether probable cause existed to (a) stop Plaintiffs' minivan

---

[1] Plaintiffs also originally sued Warren police officers Keith Vanderkhove, Louis Burch, Nichols, and Michael Torey. They were dismissed by stipulation.

based on illegally tinted windows and (b) arrest Plaintiffs for possession of marijuana.  See Mem. and Order at 8, 12-13.

Before the Court is Plaintiffs' "Motion for a Separate Trial on the Issue of the Legality of the Traffic Stop."  The Court heard oral argument on this matter on July 20, 2009.  For the reasons that follow, the Court will require a supplemental filing from Plaintiffs before ruling on the present motion.

## II.  Background

The background of this case is described in the Court's previous Memorandum and need not be repeated here.

## III.  Analysis

### A.  Law

FED. R. CIV. P. 42(b), governing motions for a separate trial, reads as follows:

> **(b) Separate Trials.** For convenience, to avoid prejudice, <u>or</u> to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

FED. R. CIV. P. 42(b) (emphasis added).  As stated by Wright and Miller,

> [t]he provision for separate trials in Federal Rule 42(b) is intended to further many significant policies—the parties' convenience, the avoidance of delay and prejudice, and the promotion of the ends of justice.  It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties.  The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course.  Thus, Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.

9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2388, pp.

2

92-96 (3d ed. 2008) (footnotes omitted). "It is well-established by a wealth of case law that ultimately the question of whether to conduct separate trials under Rule 42(b) should be, and is, a matter left to the sound discretion of the trial court on the basis of the circumstances of the litigation before it." Id. at pp.113-114. Moreover,

> [i]f a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties. If, however, the preliminary and separate trial of an issue will involve extensive proof and substantially the same facts or witnesses as the other issues in the cases, or if any saving in time and expense is wholly speculative, it is likely that a separate trial on that issue will be denied by the district judge . . .

Id. at pp. 100-103 (footnote omitted). "A separate trial also may be ordered to avoid prejudice, as when evidence admissible only on a certain issue may prejudice a party in the minds of the jury on other issues; this desire to avoid prejudice has been recognized in many cases." Id. at p. 108.

### B. The Parties' Arguments

Plaintiffs argue that the legality of the initial traffic stop should be tried separately from the legality of Plaintiffs' subsequent arrests. First, Plaintiffs say that separate trials would be convenient "due to the simplicity of the issue and the proximity of the parties."[2] Second, Plaintiffs' argue that trying the legality of the stop, on the one hand, separately from the subsequent arrests, on the other hand, would serve to avoid prejudice "by eliminating the . . . marijuana [discovered after the initial stop] from the jury's consideration of the legality of the stop." According to Plaintiffs, "[t]o allow Defendants to cloud the issue

---

[2] Plaintiffs do not explain what they mean by "the proximity of the parties," nor how any such proximity is relevant to the issue at hand.

3

by prejudicing potential jurors with evidence of what was discovered after the stop would be unjust." Finally, Plaintiff argue that "expedition and economy would be served by separate trials because a favorable defense outcome would end the case and a favorable Plaintiffs' jury finding would result in most likely resolution."

Defendants, on the other hand, argue that separate trials would be inappropriate because the issues surrounding the legality of the initial traffic stop and the issues surrounding the subsequent arrests are "so interwoven that it would deprive the Defendant Officers of the right to a fair trial." Defendants reason as follows:

> [T]he fact that both Plaintiffs admitted they were under the influence of marijuana and alcohol, and in possession of marijuana, supports the Defendant Officers' position that the Plaintiffs made an abrupt turn immediately after seeing the Defendant Officers' vehicle in the intersection. Officer Dillenbeck testified that this abrupt turn made him suspicious that the Plaintiffs were engaged in illegal activity and was a basis, in addition to the illegal window tint, for the initial stop.

Thus, Defendants argue that the jury must be allowed to consider evidence relating to Plaintiffs' illegal activity when evaluating whether probable cause supported the stop because the abrupt turn is a factor that impacted Defendants' probable cause determination and the illegal activity is relevant to the question of whether an abrupt turn was made.

### C. Resolution

This case would be an ideal candidate for separate trials had Defendants based their probable cause determination <u>solely</u> upon their belief that the windows of Plaintiffs' minivan were illegally tinted because the subsequent discovery that Plaintiffs were under the influence and in possession of marijuana would provide the jury with no help in answering the question of whether the windows of the minivan were illegally tinted. However, Officer

4

Dillenbeck testified at his deposition that he observed Plaintiffs make a "suspicious," though legal, "abrupt" turn when Plaintiffs saw the police car. Dillenbeck Dep. at p. 11. This turn apparently impacted Defendants' probable cause determination.

If Plaintiffs dispute that an abrupt turn was made, the subsequent discovery that Plaintiffs were under the influence and in possession of marijuana is relevant to the probable cause question and the jury is entitled to hear testimony about it. This is because a reasonable jury might conclude that Plaintiffs' illegal activity motivated their decision to turn abruptly. However, if Plaintiffs concede that they made an abrupt turn, evidence relating to whether an abrupt turn was made is unnecessary and the subsequent discovery that Plaintiffs were engaged in illegal activity is irrelevant to the probable cause question. Thus, whether the subsequent discovery of Plaintiffs' illegal activity is relevant to the probable cause question hinges on whether Plaintiffs will dispute Defendants' observation regarding the abrupt turn.

### IV.  Order

Within five days, Plaintiffs shall file a binding supplemental paper indicating whether they will in any manner dispute at trial Defendants' anticipated testimony to the effect that Plaintiffs made an abrupt turn. If Plaintiffs do not dispute the abrupt turn, the motion for bifurcation will be granted. Otherwise, the motion must be denied.

SO ORDERED.

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 21, 2009, by electronic and/or ordinary mail.

                                       s/LaShawn R. Saulsberry  
                                       Case Manager, (313) 234-5160